**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4091**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMES CALVIN JACKSON,

              Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:06-cr-00760-RBH-1)

Submitted:  September 30, 2008      Decided:  October 21, 2008

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, James Calvin Jackson pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2008). He received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2008). Jackson timely appealed.

Jackson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the Fed. R. Crim. P. 11 hearing and his sentence enhancement under the ACCA. Counsel states, however, that he has found no meritorious grounds for appeal. Jackson filed a pro se supplemental brief asking the court to take into consideration that he has a family to support and explaining the circumstances surrounding his possession of the firearms. Finding no meritorious grounds for appeal, we affirm.

Because Jackson did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court complied with the mandates of Rule 11 in accepting Jackson's guilty plea and ensured that Jackson entered his plea knowingly and voluntarily and that the plea was supported by an

2

independent factual basis.  United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Next, Jackson asserts that the ACCA enhancement violated his Sixth Amendment rights because his prior convictions, upon which the court based the enhancement, were not charged in the indictment, proved beyond a reasonable doubt, or admitted by him.  As counsel acknowledges, this court rejected the same argument in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005); see also United States v. Thompson, 421 F.3d 278, 283 (4th Cir. 2005).

In accordance with Anders, we have reviewed the record in this case and considered Jackson's pro se supplemental brief and have found no meritorious issues for appeal.  Accordingly, we affirm Jackson's conviction and sentence.

This court requires that counsel inform Jackson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jackson.  We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED